**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBERT WILSON, #416-017 | * |
| Plaintiff | * |
| v. | *   CIVIL ACTION NO.  GLR-13-3943 |
| WEXFORD HEALTH SOURCES, INC.[1] | * |
| JOHN MORGAN, M.D. | |
| KELLY TEACH, L.P.N. | * |
| MS. C. LYNN, PSYCHOLOGY DEPT. | |
| | * |
| Defendants | |
| | *   *   * |

**MEMORANDUM OPINION**

Pending before the Court are Defendants' Wexford Health Sources, Inc. ("Wexford"), John Morgan, and Kelly Teach's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 8), and Motion to Seal (ECF No. 10).  The Clerk's Office issued a Rule 12/56 letter advising Plaintiff Robert Wilson of his duty to respond to the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[2]  ECF No. 9.  Nevertheless, Wilson's time to respond to the Motion has expired.  Accordingly, both Motions will be considered unopposed.  No hearing is necessary.  See Local Rule 105.6 (D.Md. 2014).  For the reasons stated below, the Motions will be granted.

**I. Background**

Wilson, a Maryland Division of Correction prisoner incarcerated at Roxbury Correctional Institution ("RCI"), is a 47-year-old man whose medical conditions include asthma, chronic left foot pain, heartburn, and a ruptured globe with corneal transplant.  See Mot. Dismiss Ex. 1, ECF

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of Defendants' names.

[2] The letter satisfies the requirement set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

No. 8-4 ["Medical Records"]; see also Moss's Aff. ¶ 4, Mot. Dismiss Ex. 2, ECF No. 8-5.  He is regularly seen and evaluated by medical providers in RCI's chronic care clinic concerning his health problems.  Moss's Aff. ¶ 5.

Wilson alleges that from August 3, 2013, to December 30, 2013, Defendants[3] failed to provide his previously-prescribed medications, treat the severe pain he experienced in his left foot, heel, ankle and knee, and provide authorization so that he could be assigned a bottom bunk.  As a result, his right knee "gave out," he fell, and ruptured his right eye, rendering him blind in that eye.  ECF No. 1-1.  He also alleges his appointment for an off-site visit at University of Maryland Medical System ("UMMS") for ophthalmology care did not occur because it was incorrectly scheduled.  ECF No. 4.  He requests unspecified compensatory and punitive damages and "what [he] originally ask[ed] for" in his Administrative Remedy Procedure ("ARP") grievance: medication, use of a cane, and a bottom bunk order.  ECF No. 1.

## II. Discussion

### A. Motion to Seal

Defendants seek authorization to file their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment under seal because it contains sensitive and confidential information related to Wilson's medical condition.  Local Rule 105.11 requires: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protections."  Local Rule 105.11 (D.Md. 2014).  Compliance with Local Rule 105.11 allows the

---

[3] Wilson names "Ms. C. Lynn," a nurse practitioner and member of the prison psychology staff, in his Complaint, but provides no information as to how she allegedly deprived him of medical care.  ECF No. 1.  Lynn has not been served with a summons and the Complaint.  ECF No. 5.  Accordingly, Lynn will be dismissed from this matter without prejudice.

Court to engage in the mandatory analysis outlined by the United States Court of Appeals for the Fourth Circuit. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 179-80 (4th Cir. 1988) ("[T]his court established a set of procedures which must be followed when a district court seals judicial records or documents."). Under this mandatory analysis, the Court should (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. See id. at 180-81.

      The Court finds that the public holds a First Amendment interest in the parties' summary judgment briefs. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("[A] more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."). Under the First Amendment, sealing a record "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." Id. (citing Press–Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984)). Here, Defendants have placed into the public record Wilson's medical records as an exhibit in support of their Motion. These records contain sensitive and personal medical information, some of which bear no relevance to the instant case. The need to protect confidential medical information serves an important governmental interest, but there are no less restrictive means to serve that interest. Moreover, the Court finds that the public notice and challenge requirement has been satisfied because the Motion to Seal has been pending for more than four months. Accordingly, Defendants' uncontested Motion to Seal will be granted.

**B. Motion to Dismiss or, in the Alternative, Motion for Summary Judgment**

**1. Standard of Review**

To survive a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (alteration in the original) (quoting Fed. R. Civ. P. 12(b)) (internal quotation marks omitted). Under Rule 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). Here, because the Court will consider matters outside of the pleading, Defendants' Motion will be construed as a Motion for Summary Judgment.

## 2. Analysis

Wilson has named Wexford as a party to this action, presumably under the theory of vicarious liability known as respondeat superior. Respondeat superior liability does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) ("[T]here is no respondeat superior liability under § 1983); Nedd v. Corr. Med. Servs., No. JFM-92-1524 (D.Md. Oct. 22, 1992) (citing Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982)); McIlwain v. Prince William Hosp., 774 F.Supp. 986, 990 (E.D.Va. 1991). Accordingly, Wexford will be dismissed.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). Prisoners are entitled to reasonable medical care. Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969) (citing Hirons v. Director, 351 F.2d 613 (4th Cir. 1965)). To state a

constitutional claim for inadequate medical care, however, a plaintiff must demonstrate deliberate indifference to a serious medical need. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Farmer v. Kavanagh, 494 F. Supp. 2d 345, 361 (D. Md. 2007).

"Deliberate indifference" requires that the defendant prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Johnson, 145 F.3d at 167 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970)). Questions of medical judgment are not subject to judicial review, and neither malpractice nor negligent diagnosis states a constitutional violation under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105–06; Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986).

Defendants' uncontroverted record and affidavit demonstrate that Wilson received medical processing upon entering the Maryland Reception, Diagnostic and Classification Center ("MRDCC"). Mot. to Dismiss Ex. 1, at 2, ECF No. 8-4. At that time, he reported a medical history including stomach ulcer, Hepatitis C, hypertension, right eye blindness, a fractured left foot, and mental health issues. He did not indicate he was taking any medications. Id. On July 27, 2013, Wilson received an initial physical examination at MRDCC. Id. at 5-7. Examination revealed mild lower left leg pain and right eye blindness due to a cataract. Id.

Contrary to Wilson's allegations that Defendants failed to provide him with any medical treatment, the record reflects that Wilson has been treated for his various ailments from July 31,

2013, to March 2014.  See id. at 7-75.  A review of the record shows Wilson received substantial medical treatment, testing, and medication including diagnosis and treatment by outside specialists for his eye problems and regular monitoring in RCI's chronic care clinic for all of his health conditions.  See id. at 13, 15, 18, 39, 44, 46, 49, 51, 57, 59-60, 63, 67, 70.  Defendants note that Wilson continues to be seen in chronic care for his medical needs.  Additionally, Wilson was seen by an ophthalmologist on January 2, 2014, and February 19, 2014.  Id. at 65, 74.  Wilson has been permitted a cane and a bottom bunk due to his visual impairment.  Id. at 51, 73.   Though Wilson disagreed with the clinical decisions regarding pain medication,[4] id. at 17, 41, 49, 51, 53,  such disagreement, however, does not establish an Eighth Amendment claim of deliberate indifference.  The Court finds Wilson's allegations to be meritless, and Defendants are, therefore, entitled to summary judgment.  Accordingly, the Court will grant Defendants' Motion.

**III. Conclusion**

For the reasons given above, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 8), and Motion to Seal (ECF No. 10), are GRANTED.  A separate Order will follow.

January 13, 2015

/s/
_____
George L. Russell, III
United States District Judge

---

[4] The Court notes Wilson's requests to be prescribed certain pain medications were generally honored.  See. Mot. to Dismiss Ex. 1, at 18, 41, 46, 51, 67,  ECF No. 8-4.